OPINION
Appellant Steven Snowder is appealing the decision of the Court of Common Pleas, Licking County, that found him guilty of escape in violation of R.C. 2921.34. The parties stipulated to the following facts.
On July 30, 1996, the Licking County Court of Common Pleas convicted appellant of one count of drug abuse. The trial court, on August 20, 1996, sentenced appellant to a definite term of one and one-half years at the Orient Correctional Reception Center, suspended the sentence and placed appellant on probation for a period of five years. As part of his probation, appellant was required to enter and successfully complete the Licking/Muskingum Community Based Correctional Facility ("facility"). The facility terminated appellant's participation in this program on November 26, 1996, due to his failure to return to the facility on November 24, 1996. As a result of his termination from the program, the trial court revoked his probation and imposed the original sentence.
Appellant admitted that he did not return to the facility even though his pass required him to return to the facility, following a Narcotics Anonymous meeting, by 9:30 p.m., on the evening of November 24, 1996. Appellant never returned to the facility and was eventually apprehended in Portland, Oregon, on June 13, 1997. As a participant in the facility program, appellant received no jail time credit towards any prison sentence for the days he spent in the facility.
On November 21, 1997, the Licking County Grand Jury indicted appellant on one count of escape. Appellant entered a plea of not guilty. On February 12, 1998, appellant appeared before the trial court, with counsel, and waived his right to a jury trial. Thereafter, the parties stipulated to the facts and submitted the case to the trial court. The trial court found appellant guilty of the charge of escape. The trial court sentenced appellant accordingly.
Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THE DEFENDANT-APPELLANT GUILTY OF ESCAPE IN VIOLATION OF R.C. § 2921.34.
 I
Appellant contends, in his sole assignment of error, the trial court's decision finding him guilty of the charge of escape is against the manifest weight of the evidence because under Senate Bill 2, since he did not receive credit for time served in the facility, he was not "confined" for purposes of the escape statute. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
We previously addressed this issue in State v. Snelling (Nov. 20, 1995), Licking App. No. 95-CA-00025, unreported and State v.Angelo (Apr. 1, 1996), Licking App. No. 95 CA 80, unreported. InSnelling and Angelo, we found that under R.C. 2921.34 and R.C.2921.01(E), a person residing at the Licking-Muskingum Community Based Correctional Facility can be found guilty of a charge of escape. We noted, in Angelo, that the facility is defined as confinement because the doors are locked, the perimeters are secured and the residential portion is under a central control area where admittance is regulated. Id. at 4. Further, an inmate at said facility is under the control of the facility and not under primary probation supervision and is not free to come and go at his pleasure. Id.
Appellant contends that under Senate Bill 2, since he is not entitled to credit for time served at the facility, he cannot be guilty of the charge of escape because he was not "confined". We have reviewed the changes made to R.C. 2921.34 and R.C.2921.01(E), as a result of Senate Bill 2, and find said changes do not make our prior decision in Snelling and Angelo inapplicable because our analysis in those two cases did not turn on whether the appellants received credit for time served in the facility.
Instead, our decision was based upon the nature of the facility and the fact that the appellants' presence at the facility gave them the status of detention and their actions in leaving terminated this status. Therefore, the fact that appellant did not receive credit for time he served at the facility, prior to his escape, does not change the fact that he was detained at the facility and his failure to return terminated this status. The trial court's decision finding appellant guilty of the charge of escape is not against the manifest weight of the evidence.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.